UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED by ___ D.C.

MAR 2 6 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

Incarcerated Entertainment, LLC
and Efraim Diveroli,

    Plaintiffs,

vs.

Case No.: 1:18-cv-20023-FAM

Matthew Bevan Cox,

    Defendant.
_____/

**MOTION UNDER RULE 59(e) TO ALTER AND AMEND
THIS COURT'S FEBRUARY 27, 2018 ORDER OF DISMISSAL**

    Matthew Cox sought removal of a State of Florida action brought against him by Incarcerated Entertainment, LLC and Efraim Diveroli. This court sua sponte found that the underlying state court action is related to two pending actions in the United States District Court for the Middle District of Florida. (Doc. 8). Mr. Cox agrees with the court, the actions in Tampa, and this action are duplicative, thus this court dismissed the removal without prejudice.

    The dismissal without prejudice, however, may have detriment to Mr. Cox through the expiration of time for removing the duplicative case to federal court. In which instance, this dismissal would effectively be with prejudice. Cf. **Justice v. United States**, 6 F.3d 1474, 1482 n.5 (11th Cir. 1993)(a dismissal without prejudice after the statute of limitations expired is tantamount to a dismissal with prejudice). Here, Mr. Cox had 30 days from the commencement of the state court action to remove the action to federal court. 28 U.S.C. § 1446(b). Mr. Cox received the underlying complaint on December 7,

1

2017, thus the time for removal -- at least facially -- has expired. Thus, this court should apply a more stringent standard for determining whether dismissal or removal is proper.

This action was originally filed in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida. Mr. Cox sought removal to this court on the basis of federal question jurisdiction. Mr. Cox only sought removal to this court -- rather than the Middle District of Florida -- because he was required to do so. 28 U.S.C. § 1446(a). In conjunction with the filing of his Notice of Removal, Mr. Cox initiated an independent civil action in the Middle District of Florida against the same plaintiffs here. See Matthew Cox v. Incarcerated Entertainment, et al., No. 8:17-cv-03108-MSS-JSS (M.D. Fla.).

Further, Mr. Cox as an indigent prisoner lacks the financial resources to incure multiple filing fees. The payment of the $400 filing fee here posed a burden on Mr. Cox and would constitute a significant barrier to refiling. Thereby, creating a practical as well as legal barrier to his refiling this matter.

Consequently, this court's sua sponte order will generate piecemeal litigation not only in two different forums, but in two different sovereignties that have less than a perfect identity of procedure. Which in turn will wast the resources of the parties and the courts.

Mr. Cox suggests that a better soultion of his removal motion is to transfer the matter to the Middle District of Florida, and allow the court that has presided over this dispute for more than two years continue to address the cause and controversy. It is noteworthy that the state court plaintiffs were also the plaintiffs in the original Tampa action (Incarcerated

2

Entertainment v. Warner Bros., No. 8:16-cv-01302-T-MSS-ASS), thus the plaintiffs cannot credibly complain of an inconvenient forum.

In sum, Mr. Cox requests this court alter and amend its dismissal order, to instead transfer the removal action to the Tampa federal court that has control over duplicative actions. Alternatively, Mr. Cox requests this court amend its order to provide for a refund (or transfer to the Tampa court) of the filing fee in order that Mr. Cox can afford to refile in Tampa (as suggested) and such other relief as this court deems appropriate or fair.

Respectfully submitted on this 19th day of March, 2018 by

Matthew Cox
Register No. 40171-018
FCI Coleman Low
P.O. Box 1031
Coleman, FL 33521-1031

CERTIFICATE OF SERVICE

I, Matthew Cox, hereby certify that on the 19th day of March, 2018, I mailed a copy of the foregoing Motion Under Rule 59(e) in the U.S. Mail with postage fully prepaid thereon to the following:

MATTHEW TROCCOLI

Law Offices of Matthew Troccoli
Attorney for the Plaintiffs
2250 SW 3rd Ave., Ste. 303
Miami, FL 33129

CLERK OF COURT

Circuit Court of the Eleventh Judicial Circuit
In and For Miami-Dade County, Florida

Please note that I have delivered the foregoing motion to the Bureau of Prisons mail-room officer who is responsible for handling outgoing prisoner legal mail and have done so for the purpose of taking advantage of the prisoner legal mail-box rule.

Matthew Cox
Register No. 40171-018
FCI Coleman Low
P.O. Box 1031
Coleman, FL 33521-1031

Matthew Cox
40171-018
Federal Correctional Complex - Low
P.O. Box 1031
Coleman, FL 33521

MAR 24 2018
12:26 PM

**RECEIVED**

F.C.C. COLEMAN
MAIL ROOM
846 N.E. 54TH TERR
COLEMAN, FLORIDA
33521

THE ENCLOSED LETTER WAS
PROCESSED THROUGH SPECIAL
MAILING. THE LETTER HAS BEEN
NEITHER OPENED OR INSPECTED.
IF THE WRITER RAISES A QUESTION
OR A PROBLEM OVER WHICH THIS
FACILITY HAS JURISDICTION, YOU
MAY WISH TO RETURN THE MAIL
FOR FURTHER INFORMATION OR
CLARIFICATION. IF THE WRITER
ENCLOSED CORRESPONDENCE
FOR FORWARDING TO ANOTHER
ADDRESSEE, PLEASE RETURN THE
ENCLOSURE TO THE ABOVE
ADDRESSEE.

3-20-18
DATE          MAIL ROOM STAFF

**USMS INSPECTED**

3312887716 0075

◇40171-018◇
Clerk Of Court
United States Courthouse
400 N Miami AVE
8TH Floor
Miami, FL 33128
United States

